# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

IN RE:

THOMAS MURPHY STEELE,                           CASE NO. 04-14520-WSS

　　　Debtor.                                              Chapter 13

## ORDER SUSTAINING CREDITOR ALABAMA MENTAL HEALTH CREDIT UNION'S OBJECTION TO DEBTOR'S AMENDED PLAN

Steven A Murray, Counsel for the Debtor
Michael Harrison, Counsel for Alabama Mental Health Credit Union

This matter is before the Court on the Debtor's motion to modify his chapter 13 plan, amended plan and Alabama Mental Health Credit Union's ("Alabama Credit Union") objection to the motion to modify and the plan. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

The Debtor filed his chapter 13 plan on August 2, 2004. He listed Alabama Credit Union as a secured creditor for the debt owed on a 2001 Hyundai automobile. On schedule B, the Debtor indicates that the automobile is in the possession of a third party. The Court confirmed the plan on December 10, 2004. Alabama Credit Union moved to lift the automatic stay based on the Debtor's failure to make payments and failure to insure the automobile. The Court granted Alabama Credit Union's motion on March 24, 2005. The Debtor did not oppose the motion for relief because he could not afford to continue paying the insurance premiums.

On March 24, 2005, the Debtor filed a motion to modify his plan, decreasing his plan payment to $114.00 and deleting Alabama Credit Union as a secured creditor. The 2001

1

Hyundai would be surrendered to Alabama Credit Union. He also filed an amended schedule I indicating a reduction in income of approximately $739.00. The Debtor is unable to continue working due to age and poor health. Alabama Credit Union objected to the reduction and reclassification of its claim.

Alabama Credit Union cites *In re Nolan,* 232 F.3d 528, 532 (6th Cir. 2000) and *In re Jackson*, 280 B.R. 703, 705 (Bankr. S.D. Ala. 2001), which hold that §1329 does not allow a debtor to alter, reduce or reclassify a previously allowed secured claim. Both *Nolan* and *Jackson* recognized a split of authority among federal district courts on this issue. However, Judge Mahoney of this Court was persuaded that such amendments should be barred by the five grounds cited by the *Nolan* court:

> (1) section 1329(a) must be satisfied before applying §1329(b)(1), which directs the application of other provisions of the Code that pertain to requirements of a plan and effect of confirmation; (2) reducing the secured claim would violate §1325(a)(5)(B), which mandates that a secured claim is fixed in amount and status and must be paid in full once it has been allowed; (3) reclassification would contravene §1327(a) which directs that the provisions of a confirmed plan bind the debtor and each creditor; (4) section 1329(a) permits only the debtor, the trustee and holders of unsecured claims to bring a motion to modify a plan; an undersecured creditor cannot seek to reclassify its claim in the event that collateral appreciated; and (5) the plain language of §1329 only allows a plan to be modified to increase or reduce the amount of "payments" on claims; amended plans cannot increase or reduce the amount or priority of the claims themselves.

*Jackson*, 280 B.R. at 704-05, citing *In re Nolan*, 232 F.3d 528 (6th Cir. 2000).

The Debtor asserts that his fact situation is different from the facts in *Nolan* and *Jackson* because he did not voluntarily surrender the automobile. Due to his disability, he experienced a decrease in income; he did not object to Alabama Credit Union's motion for relief because he knew that he could no longer pay for the insurance for the automobile. The Debtor maintains

Case 04-14520   Doc 42   Filed 06/15/05   Entered 06/15/05 15:53:42   Desc Main
Document    Page 2 of 4

that his situation is analogous to the facts in *In re Witherspoon*, Case No. 02-1661 (Bankr. S.D. Ala. 2004), another case decided by Judge Mahoney.  The debtors in *Witherspoon* objected to a creditor's secured claim on an automobile postconfirmation after the automobile was declared a total loss after an accident.  The debtors had maintained insurance on the automobile, and the creditor received the insurance funds.  After acknowledging the holdings in *Nolan* and *Jackson*, Judge Mahoney considered the debtors' argument that the modification should be allowed for cause under 11 U.S.C. §502(j), which provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."  Judge Mahoney weighed the equities in the case, noting that the debtors had kept the car in good condition, and had maintained insurance on it with the creditor named as loss payee.  They had also made all payments required under the plan  to the creditor.  On the other side, the creditor would lose its secured status for the funds remaining due and would therefore receive less money under the plan.  Judge Mahoney determined that the equities favored allowing the debtors to the claim reconsidered.  Upon reconsidering the claim, she applied 11 U.S.C. §506(a), finding that because the creditor's collateral was destroyed in the accident, the claim became unsecured "by operation of law."  Therefore, the creditor's claim should be reconsidered so that the balance of the creditor's claim was unsecured.

This Court considers the present fact situation in light of the *Nolan*, *Jackson*, and *Witherspoon* opinions.  The Court does not agree that the Debtor's loss of the 2001 Hyundai was "involuntary" in the same sense as the *Witherspoon* debtors.  Most debtors in bankruptcy who lose automobiles to creditors by virtue of motions for relief from stay do so because they can no longer afford to pay the note or insurance premiums for a variety of reasons such as loss of a job,

3

poor health or some other financial emergency. The Debtor's reduction in income is beyond his control and a legitimate reason for amending his plan. However, to classify all such losses of vehicles by debtors as "involuntary" would allow the exception to swallow the rule. There are other important differences. Judge Mahoney noted that the *Witherspoon* debtors had done everything required under the plan, including making timely car payments, maintaining insurance on the car and properly caring for the car. The Debtor in the present case had not maintained insurance on the 2001 Hyundai and had allowed the car to be in the possession of a third party, a factor that could have complicated Alabama Credit Union's ability to recover the automobile. Based on these facts, the Court finds that "cause" has not been shown and the equities do not favor reconsidering Alabama Credit Union's claim under 11 U.S.C. §502(j). For the reasons outlined in *Nolan* and *Jackson*, the Court finds that Alabama Credit Union's objection to the Debtor's amended plan should be sustained, and the motion to amend the plan should be denied. It is hereby

**ORDERED** that Alabama Mental Health Credit Union's objection to the Debtor's motion to modify and the plan is **SUSTAINED**; and it is further

**ORDERED** that the Debtor's motion to modify his chapter 13 plan and amended plan are **DENIED**.

Dated: June 15, 2005

WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

4